IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**JAMES MASSENGALE, JR.**

      **Plaintiff,**

v.                                                                 **No.: _____**

**CROWN PRODUCE, LLC**

      **Defendant.**

# COMPLAINT

COMES NOW Plaintiff James Massengale, Jr., and for his Complaint against Defendant Crown Produce, LLC (hereinafter "Defendant") states as follows:

## I. JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue also lies in this Eastern District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff James Massengale, Jr., is an adult resident of the State of Tennessee. Plaintiff is a former employee of Defendant's.

5. Plaintiff worked for Defendant from approximately December 2013, until approximately January 30, 2017. Accordingly, Plaintiff worked for Defendant within both the two and

three year statute of limitations under the Fair Labor Standards Act ("FLSA").

6. Defendant is a domestic entity doing business in East Ridge, Tennessee. Defendant may be served with process through its registered agent, Joe E. Manuel, 240 Forest Avenue, Suite 301, Chattanooga, Tennessee, 37405.

7. Defendant is a covered "employer" under the FLSA.

### III. FACTUAL BASIS FOR SUIT

8. During his employment, Plaintiff worked for Defendant as a delivery driver.

9. Plaintiff was compensated at a rate of $10.50 per hour.

10. Plaintiff was regularly and repeatedly required to perform compensable work during his unpaid "meal breaks."

11. Defendant's computerized time and attendance system automatically deducts a 30 minute meal break per work shift. Defendant expects Plaintiff to be available to work throughout his shift and consistently required Plaintiff to work during his unpaid "meal breaks."

12. Defendant knows and/or has reason to believe that Plaintiff worked during his unpaid meal breaks without compensation.

13. Plaintiff complained about this problem to Defendant's warehouse manager—David Rodda. In response to Plaintiff's complaints, Mr. Rodda suggested that because Plaintiff's job was primarily to drive Defendant's delivery truck, his entire shift was a "break."

14. Even though Defendant knew that Plaintiff was working during his meal breaks without compensation, Defendant failed to compensate Plaintiff for this work, electing instead to sit back and accept the benefits of Plaintiff's uncompensated work.

15. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff suffered lost wages.

16. Defendant is unable to bear its burden of showing that Plaintiff fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

17. Defendant's intentional failure to pay Plaintiff his proper overtime wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

18. Defendant is unable to bear its "substantial burden" of showing their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## V.  CAUSES OF ACTION

19. The allegations set forth in the preceding paragraphs are incorporated herein.

20. Plaintiff brings the following causes of action against Defendant:

    A. Willful violation of the Fair Labor Standards Act of 1938; and

    B. Quantum Meruit/Unjust Enrichment/Breach of Contract.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

1. A declaratory judgment that Defendant has violated the overtime wage provisions of the FLSA;

2. A declaratory judgment that Defendant's violation of the FLSA was willful.

3. Damages in the amount of Plaintiff's unpaid overtime compensation to be proven at trial.

4. Interest and liquidated damages in an amount equal to the overtime compensation

shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

5. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

6. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

s/*Michael L. Russell*
MICHAEL L. RUSSELL # 20268
EMILY S. EMMONS #33281
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com